BEATTY, Retired Justice.
In November 1995, Winston Guthrie, D.M.D., sued Blue Cross and Blue Shield of Alabama. Guthrie alleged that Blue Cross “asserted to its insureds [who were Guthrie’s patients] and others that [Guthrie] was practicing dentistry outside the scope of his license.” Guthrie also alleged that at the time Blue Cross made these statements, it knew that these “statements were false.” Guthrie sought damages for libel, slander per se, and intentional interference with a business relationship.
Thereafter, Blue Cross filed a notice of removal from state circuit court to federal district court. In May 1997 the federal district court entered a partial summary judgment, granting Blue Cross’s summary judgment motion “as to all claims that *472 relate to ERISA, FEHBA, and PEEHIP plans.” The district court remanded the remaining claims (which involved patients whose group health benefit plans were governed solely by state law) to the state circuit court. Jacqueline Reasoner and William Cantrell are the patients whose group health benefit plans are governed solely by state law.
After remand, Blue Cross moved for a summary judgment on the remaining claims. Blue Cross also filed a brief, affidavits, depositions, and other evidence in support of its motion. Guthrie filed a brief, affidavits, depositions, and other evidence in opposition. The circuit court granted Blue Cross’s motion and entered a summary judgment for Blue Cross.
Guthrie appealed. Our supreme court has transferred this case to this court pursuant to § 12-2-7(6), Ala.Code 1975.
In August 1993 Blue Cross contacted the Board of Dental Examiners “regarding [Blue Cross’s] concerns for the claims filed by [Guthrie].” The Board of Dental Examiners considered the information provided by Blue Cross, and, thereafter, the attorney for the Board of Dental Examiners sent a letter, dated October 27, 1993, advising Guthrie of the following:
“First of all, it is the Board’s opinion that you are engaging in activities and treatment which are outside the scope of your license to practice dentistry and which do not constitute the practice of dentistry. It appears that you are treating neurological problems and, in the Board’s opinion, you are not authorized nor can you provide neurological diagnoses or treatment.
“The Board further notes that your letterhead contains the heading of ‘The Center for Headache and Orofacial Pain.’ As you well know, not all headaches or conditions causing headaches are dental related and a representation that you treat headaches or are a center for the treatment of headaches is misleading and again, outside the scope of the practice of dentistry.
“The Board demands that you cease and desist immediately from performing any activities or treatment which do not constitute the practice of dentistry and specifically which relate to the treatment of neurological problems or which involve neurological diagnoses. Further, please be informed that by separate letter, the Board is requesting that the Board of Medical Examiners of Alabama conduct an inquiry into your activities to determine whether you are practicing medicine without a license.”
In February 1994 the Board of Medical Examiners advised the Board of Dental Examiners that it had reviewed the information provided and was “in agreement with the Dental Board in that the activities of Dr. Guthrie which relate to the treatment of neurological problems and which involve neurological diagnoses, as reflected in the information reviewed, constitute the practice of medicine.”
By a letter dated June 15, 1994, the Board of Dental Examiners advised Guthrie that it had considered the various materials Guthrie had submitted to the Board of Dental Examiners in response to its letter of October 27, 1993. The June 15, 1994, letter stated:
“Based on our review, consideration and discussion, the Board’s position is as follows.
“In the Board’s opinion, treatment of headaches or orofacial pain which is not related to or caused by the Temporo-mandibular joint, problems with occlusion, the muscles of mastication, or other dental conditions would be outside the scope of your license and the practice of dentistry. Stated another way, your treatment must be related to pain caused by that joint, those muscles, oc-clusal problems, or dental conditions.
“Presently you have pending with Blue Cross and Blue Shield several claims for reimbursement. It is now Blue Cross and Blue Shield’s decision *473 whether to honor your claims based upon the limitations set forth above.”
By a letter dated June 27, 1994, Guthrie responded to the Board of Dental Examiners’ letter of June 15, 1994, by raising two points which he stated that he wished to clarify. In his letter, Guthrie asserted:
“Unless otherwise notified, I am assuming that the Board has no objections to my concerns and accepts these modifications so that I may continue to perform the protocols and procedures discussed at our May meeting and [that] these are within the scope of my licen-sure to practice dentistry in the State of Alabama.”
In a letter dated July 11, 1994, the Board of Dental Examiners answered Guthrie’s letter of June 27, 1994. The July 11, 1994, letter stated the following: The Board “stands by its June 15, 1994, letter,” which “was clear and unambiguous” and that “if [Guthrie] insistís] on interpreting the Board’s letter in the manner set forth in [Guthrie’s] letter [of June 27, 1994] or in any way inconsistent with the Board’s opinion, [that Guthrie would] do so at [his] own risk.” The Board of Dental Examiners “does not agree with nor does it accept [Guthrie’s] interpretation of [§ 34-9-6, Ala.Code 1975,]” and Guthrie “should not assume that the Board has no objection to the ‘concerns’ set out in [Guthrie’s] letter nor should [Guthrie] assume that the Board accepts the ‘modifications’ set forth in [his] letter.” The July 11,1994, letter also stated:
“To the contrary, the Board does not accept or agree with those concerns or modifications. You should not assume that the Board’s failure to comment concerning any diagnostic procedure means that it is approved by the Board or that it is within the scope of your dental practice or license.”
Blue Cross sent Guthrie a certified letter, dated February 28,1995, which stated:
“We notified you by certified mail on August 15, 1994 that portions of your practice were not within the scope of your license and the practice of dentistry. This position was supported by both the Board of Dental Examiners of Alabama and the Alabama State Board of Medical Examiners. We do not find that you have considerably changed your practice since our letter to you of August 15, 1994. We now understand that you are pursuing from our subscribers large sums which you feel are owed to you for such services and which, in our opinion, continue to lie outside the scope of your license to practice.
“As stated in our letter of August 15, 1994, when our subscribers inquire as to the reasons for any denial of coverage for the services, we are bound by ERISA to fully disclose the rationale for our denial of payment. We intend to do so.”
In a letter dated March 9, 1995, Guthrie responded to Blue Cross’s letter, in the following manner: “I trust that you will ... fully disclose to my patients, in writing, the rationale for your decision to deny payment of my services.”
Thereafter, Blue Cross responded in writing to Reasoner and Cantrell’s inquiries regarding the denial of coverage for Guthrie’s services. In a letter dated August 15, 1995, Blue Cross advised Reasoner of the following:
“The remaining claims are for studies and testing that would fall outside the scope of Dr. Guthrie’s license to practice dentistry. To be eligible for benefits under the University of Alabama at Huntsville’s health insurance plan, the services must be provided by an eligible physician when duly licensed and when acting within the scope of his license .... Since the services performed by Dr. Guthrie are outside the scope of his dental license, we are unable to provide coverage for the treatments.”
(Emphasis added.) In a letter dated August 18, 1995, Blue Cross advised Cantrell of the following:
*474 “The medical records we received indicate that Dr. Guthrie is treating you outside the scope of his license to practice dentistry. To be eligible for benefits under the Alfa Health Plan, the services must be provided by an eligible physician when duly licensed and when acting within the scope of his license .... Since the services performed by Dr. Guthrie are outside the scope of his dental license, we are unable to provide coverage for the treatments.”
(Emphasis added.)
The issue on this appeal is whether Blue Cross’s statements to Reasoner and Cantrell — that the treatment or services Guthrie provided to them were “outside the scope of his license to practice dentistry”— were defamatory.
“To establish a prima facie case of defamation, the plaintiff must show that the defendant published a false and defamatory statement concerning the plaintiff to a third person.” Atkins Ford Sales, Inc. v. Royster, 560 So.2d 197, 200 (Ala.1990) (emphasis added).
Blue Cross relied heavily upon the fact that the Board of Dental Examiners and the Board of Medical Examiners had determined that Guthrie had acted outside the scope of his license to practice dentistry. In his reply brief, Guthrie states:
“Blue Cross did not inform Jacqueline Reasoner and William Cantrell that Blue Cross was denying their individual claims because Blue Cross believed Dr. Guthrie had diagnosed and treated other patients outside the scope of his license. Blue Cross, in effect, told Jacqueline Reasoner and William Cantrell that Blue Cross was denying their individual claims because Blue Cross believed that Dr. Guthrie was practicing outside the scope of his license when he diagnosed and treated them.”
(Emphasis in original.) While there was evidence that the treatment and services Guthrie had provided to some of his patients was outside the scope of his license to practice dentistry, the record contains no evidence indicating that the diagnosis and treatment Guthrie provided to Reasoner and Cantrell were outside the scope of his license to practice dentistry. Thus, there is no evidence that the statements made to Reasoner and Cantrell were true.
On the other hand, Guthrie presented evidence indicating that the statements Blue Cross made to Reasoner and Cantrell were false. Guthrie filed, in opposition to Blue Cross’ summary judgment motion, the affidavits of Dr. Michael Mazzocco and Dr. Roger M. Melkonian, both dentists licensed to practice in Pennsylvania. Each of them stated that he had “reviewed the dental records of [Reasoner] and [Cantrell]” and was of the “opinion that Dr. Guthrie’s diagnosis and treatment, for both patients, was within the parameters of the June 15, 1994, letter and not outside the scope of his license to practice dentistry.”
‘Whether a communication is reasonably capable of a defamatory meaning is a question of law.” Kelly v. Arrington, 624 So.2d 546, 548 (Ala.1993). If a trial court determines that the statement is not reasonably capable of a defamatory meaning, a summary judgment is appropriate. However, if the trial court determines that the statement is reasonably capable of a defamatory meaning, then a jury must determine if the statement was reasonably understood by the average layperson as having a defamatory meaning. Kelly, 624 So.2d 546.
In Kelly, 624 So.2d at 549, our supreme court stated, ‘Words are defamatory per se if they directly tend to prejudice anyone in his office, profession, trade, or business, or in any lawful employment by which he may gain his livelihood.” Thus, Blue Cross’s statements to Reasoner and Cantrell are reasonably capable of a defamatory meaning.
Thus, we conclude that the summary judgment was erroneously entered. That judgment is reversed and the cause is *475 remanded for proceedings consistent with this opinion.
The foregoing opinion was prepared by Sam A. Beatty, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12~18-10(e), Ala.Code 1975.
REVERSED AND REMANDED.
YATES and MONROE, JJ., concur.
ROBERTSON, P. J., concurs in the result.
CRAWLEY and THOMPSON, JJ., dissent.